UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CR-103-MOC-DSC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| DOMINIQUE MALIK DANIELS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's motion to reduce sentence pursuant to USSC Amendment 821. (Doc. No. 36). The Government opposes Defendant's motion. (Doc. No. 40). Although Defendant is eligible for sentence reduction under Amendment 821, the Court will in its discretion deny Defendant's motion.

## I. Background

In April 2021, a federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 3). Defendant pleaded guilty to the felon-in-possession offense. (Doc. No. 21). The probation office calculated a total offense level of 23 and a criminal history category of IV and concluded that the Sentencing Guidelines advised a sentence of between 70 and 87 months in prison. (Doc. No. 29 ¶ 64). Defendant garnered six criminal history points for prior convictions, and the probation office assessed two additional criminal history points because Defendant committed his firearm offense while he was on probation. (Id. ¶ 41). The total offense level of 23 included a four-level increase based on the probation office's conclusion that Defendant possessed the firearm in connection with another felony offense. (Id. ¶¶ 25, 34).

1

At sentencing, Defendant objected to the four offense-level increase. This Court sustained Defendant's objection, reducing the total offense level to 19 and the advisory guideline range to 46-57 months imprisonment. (Doc. No. 33 at 1). The Court ultimately sentenced Defendant to 48 months in prison, two months above the bottom of the guideline range. (Doc. No. 32 at 2). Defendant now moves this Court for sentence reduction under Amendment 821 to the Sentencing Guidelines. (Doc. No. 36).

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A

2

defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

The Government concedes that Defendant is eligible for sentence reduction under Amendment 821. Defendant received two criminal history points for committing his felon-in-possession offense while on a criminal justice sentence. Under Amendment 821, he would not receive those criminal history points because he received fewer than seven criminal history points related to prior convictions. Without those two criminal history points, Defendant's criminal history category would be reduced from category IV to category III. See U.S.S.G. ch. 5, part A. Consequently, Defendant's advisory guideline range would be reduced to 37-46 months in prison. See id. Because Defendant is credited with having served 39 months in prison, he is eligible for a sentence reduction of time served.

Nevertheless, the Government argues that sentence reduction is inappropriate here. In light of the 18 U.S.C. § 3553(a) factors, the Court agrees. Defendant is only 23 years old but already has a substantial criminal record. Many of Defendant's offenses involve firearms. Thus, the Court concludes that Defendant's 48-month sentence is sufficient but not greater than necessary to protect the public and deter Defendant from committing future offenses.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to USSC Amendment 821, (Doc. No. 36), is **DENIED**.

Max O. Cogburn Jr
United States District Judge

Signed: January 31, 2024